```
              IN THE UNITED STATES DISTRICT COURT FOR THE

                          DISTRICT OF NEBRASKA

NICHOLUS B. SIKORA,            )
                               )
               Plaintiff,      )          8:13CV68
                               )
          v.                   )
                               )
NATIONAL INDEMNITY COMPANY,    )       MEMORANDUM AND ORDER
a Nebraska corporation; and    )
JANELLE KAY, a citizen of the  )
State of Iowa; and KAREN       )
RAINWATER, a citizen of the    )
State of Nebraska,             )
                               )
               Defendants.     )
_____)
```

This matter is before the Court on the plaintiff, Nicholus Sikora's ("Sikora"), Statement of Objections to Magistrate Judge's Order (Filing No. 50).  At issue is Magistrate Judge Zwart's September 27, 2013, order (Filing No. 49) which denied in part and granted in part Sikora's motion to compel discovery from the defendants (Filing No. 34).  Sikora relies upon his previous filings in this matter for support of his objection (Filing Nos. 35, 36, 46, 47).  Because the Magistrate Judge's order is not "clearly erroneous or contrary to law," the Statement of Objections will be denied.

I.   **Factual and Procedural Background.**

The defendants, National Indemnity Company ("NICO"), Janelle Kay ("Kay"), and human resources vice president Karen

Rainwater ("Rainwater") (collectively "Defendants"), once employed Sikora as an underwriter.  After working at NICO for three years, Sikora took eight days of family leave after the birth of his new baby son (*Id.* at ¶ 7, 19, 20).  Two days after returning from leave, the Defendants gave Sikora a Conduct Evaluation and placed him on probation (*Id.* at ¶ 21).  The Conduct Evaluation required Sikora to meet several goals at the end of thirty days or face the possibility of termination (*Id.*).  Ultimately, Sikora resigned from NICO (*Id.* at ¶ 27).

Sikora then filed a Constructive Discharge Claim against the Defendants for their alleged retaliation against Sikora's family leave (*Id.*).  Importantly, the Defendants claim that the Conduct Evaluation was not premised upon retaliation but rather the "excessive number of emails [Ms. Kay] discovered" in Sikora's company email account (Filing No. 39, at 2-3).  Furthermore, the Defendants claim to have discovered several deficiencies in Sikora's work which triggered the Conduct Evaluation (*Id.* at 3).

In order to rebut the allegation that Sikora's personal email usage was "excessive" compared to other employees, Sikora requested that the Defendants produce the work and personal emails of Kay, Rainwater, Don Wurster, John Arendt, Phil Wolf, Tracy Gulden from August 22, 2011, until August 19, 2013 (Filing

-2-

No. 34, at 4-7). These persons include the executive leadership of NICO (Filing No. 39, at 11-14). The Defendants objected to the request and Sikora filed a motion to compel (*Id.*)

On September 25, 2013, Magistrate Judge Zwart issued her order on the motion to compel. The judge ordered the Defendants to provide copies of all emails sent from or received by Janelle Kay, Don Wurster, and Karen Rainwater between November 2012 and January 2013 which addressed Sikora's job performance, conduct evaluations, and use of family and medical leave (Filing 49). The judge denied the remainder of Sikora's motion to compel (*Id.*). On September 27, 2013, Sikora filed his objections (Filing 50). Pursuant to Rule 72, Sikora claimed that the magistrate judge's determination was "clearly erroneous and/or contrary to law" (*Id.* at 2).

**II. Law and Analysis**

"In discovery matters, the magistrate judge is afforded great deference." *Case v. Platte County*, No. 8:03CV160, 2004 WL 1774117, at *1 (D. Neb. July 21, 2004); *Hajek v. Kumho Tire Co.*, No. 4:08CV3157, 2010 WL 1292447, at *2 (D. Neb. Mar. 30, 2010); *Bennie v. Munn*, 4:11CV3089, 2013 WL 4761383, at *2 (D. Neb. Sept. 4, 2013). A court may reverse a magistrate judge's decision only when clearly erroneous or contrary to law. "Under a clearly erroneous standard, a district court can reverse a magistrate

judge's order only if the court is left with the definite and firm conviction that a mistake has been committed." *Id.* "Under a contrary to law standard, a district court can reverse a magistrate judge's order only if the order fails to apply the relevant law." *Id.*

Therefore, the Court's analysis turns on whether the magistrate judge was correct in partially denying the motion to compel. "Generally, parties may obtain discovery regarding any unprivileged matter so long as it is relevant to the subject matter of the pending action." *McGowan v. Gen. Dynamics, Corp.*, 794 F.2d 361, 363 (8th Cir. 1986). However, courts may limit discovery where requests are excessively broad and call for the production of irrelevant information. *See id.*

Judge Zwart's application of law was succinct and sufficient. The magistrate judge correctly concluded the motion to compel failed because the request for discovery was overly broad, encompassed confidential and private communications, and included information which was likely to be irrelevant.

First, Sikora's requested was overly broad because it included two years worth of emails from the Defendants and NICO's employees. Also, Sikora's request was not targeted to the issues in this case; that is, the requests were not tailored to obtain documents specifically referencing Sikora and the requests sought

documents which occurred seven months after the alleged events giving rise to Sikora's claims. The magistrate judge correctly tapered the request for discovery to include references to Sikora, his leave, and his Conduct Evaluation.

Second, Sikora's request for personal emails was private and likely irrelevant. In order to prove pretext, a plaintiff may show "the employer meted out more lenient treatment to similarly situated employees . . . who did not engage in protected activity." *Smith v. Allen Health Sys., Inc.*, 302 F.3d 827, 835 (8th Cir. 2002). "It is the employee's burden, however, to prove that the compared employees were similarly situated in all relevant respects." *Id.* Sikora did not meet this burden. The tenants of discovery "should not be misapplied so as to allow fishing expeditions in discovery." *Hajek*, 2010 WL 1292447, at *2. Accordingly,

IT IS ORDERED that the order of the magistrate judge is affirmed and plaintiff's Statement of Objection is overruled.

DATED this 4th day of October, 2013.

BY THE COURT:

/s/ Lyle E. Strom

_____
LYLE E. STROM, Senior Judge
United States District Court